## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

**SHANNON BAILEY,**

     **Plaintiff,**

**v.**                              **CIVIL ACTION NO.:**

**UAV COMMUNICATIONS, INC.**
**d/b/a Bosh Global Services**

     **Defendant.**

---

## AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Shannon Bailey, by counsel, and alleges the following claims:

### INTRODUCTION

1.     This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for a job at Bosh Global Services. Defendant used a consumer report obtained from a credit reporting agency which was based on an ineffective FCRA disclosure to decline to hire Plaintiff. In so doing Defendant failed to comply with the procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION/VENUE

2.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

3.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all material events occurred in this district and division, the Plaintiff resides in Newport News, Defendant has its local office in Newport News, and regularly does business in this district and division, and the credit reporting agency that provided the consumer report to Defendant is operating in Newport News.

## PARTIES

4.      Shannon Bailey (hereinafter "Bailey") is a citizen of Virginia and a "consumer" as protected and governed by the FCRA.

5.      UAV Communications, Inc. is a Virginia Corporation which is doing business as Bosh Global Services (hereinafter "Bosh").  At all times relevant hereto, Bosh was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## FACTS

6.      Baily applied for a job at Bosh in Newport News, Virginia in January 2010.

7.      As part of the application process, Bailey signed an authorization for Defendant to obtain a consumer report on her.

8.      The form failed to comply with the FCRA, however.

9.      Bailey filled out an employment application, was accepted for the position and was scheduled to begin work for Defendants in January 2010.

10.      Meanwhile, Defendant obtained a consumer report on Bailey from Pinkerton Consulting & Investigations, Inc. (hereinafter "Pinkerton").

11.      At all times relevant hereto Pinkerton was a "consumer reporting agency" as governed by the FCRA. During the relevant time Pinkerton was regularly engaged in the

business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12.     In January 2010 Defendant's representative telephoned Plaintiff and told her that there was information in her consumer report which prevented Defendant from hiring Plaintiff after all.

13.     By then Plaintiff had resigned her current job so that she became unemployed as a result of the actions and failure to act by Defendant.

14.     As a result, Plaintiff suffered actual damages, including by way of example but not limitation the following: physical and emotional injuries, lost wages and other expenses, related resulting injuries.

15.     Defendant failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to Plaintiff and other applicants that a consumer report may be obtained on them for employment purposes.

16.     Because the written disclosure was ineffective, any written authorization would in turn be ineffective and defective. Thus Defendant had no permissible purpose to obtain the consumer report.

17.     Defendant also failed to provide a copy of the consumer report a sufficient amount of time before it took the adverse action to allow Plaintiff and other applicants to discuss the report with Defendant or otherwise respond before the adverse action was taken.

18.     Defendant failed to hire Plaintiff without first providing her with a copy of the consumer report or a written summary of her rights under the FCRA. Indeed, it has never done so.

19.     Neither the Defendant nor Pinkerton, the credit reporting agency that provided the consumer report, provided Plaintiff with any of the notices required under §1681m either orally, in writing or electronically at any time.

20.     Upon information and belief, it is Defendant's standard hiring practice to rely on an ineffective and confusing FCRA disclosure, and to obtain consumer reports, and when the results are unsatisfactory, to refuse to hire people without first giving them reasonable advance notice of the adverse action (the pre-adverse action notice), a copy of their consumer report, or a written summary of their FCRA rights, or the post-adverse action notices required by the FCRA.

## APPLICABLE LAW

21.     Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a.     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes*; and*
>
> b.     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

22.     Section 1681b(b)(2)(A) thus prohibits Defendant from including or obtaining other information along with disclosure, especially a "release" or "waiver."

23.     The purported disclosure from Defendant to Plaintiff was contained in the employment application, not in a stand-alone document.

4

24.     Nowhere in the application does it expressly state that a consumer report may be obtained for employment purposes.

25.     Additionally, § 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i)     a copy of the report; and
>
> (ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

26.     Defendant never provided these documents to Plaintiff.

27.     Section 1681m(2)(A) requires that the consumer be provided orally, in writing, or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person.

28.     Section 1681m(2)(B) requires that the consumer be provided orally, in writing, or electronically a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken.

29.     Section 1681m(3)(A) requires that the consumer be provided oral, written or electronic notice of the consumer's rights to obtain under section 1681j of this title, a free copy

of a consumer report on the consumer from the consumer reporting agency referred to in

paragraph (2), which notice shall include an indication of the 60-day period under that section

for obtaining such a copy.

30.     Section 1681m(3)(B) requires that the consumer be provided oral, written or

electronic notice of the consumer's rights to dispute, under section 1681i of this title, with a

consumer reporting agency the accuracy or completeness of any information in a consumer

report furnished by the agency.

31.      Defendant failed to provide the oral, written or electronic notices required by

FCRA, 15 U.S.C. §§1681m(2)(A), (2)(B), (3)(A) and (3)(B) to Plaintiff, nor did Plaintiff receive

any of the notices from anyone on behalf of Defendant.

32.     Upon information and belief, Defendant never provides the documents or notices

required by the FCRA to individuals it rejects based on whole or in part on their consumer

report.

### Defendant Acted Willfully

33.     Defendant's procedures and conduct were willful. They were carried out in the

manner that Defendant intended and not by mere accident or mistake.

34.     The statutory language and mandates restricting and governing Defendant's

business have been in effect for decades.

35.     Defendant's conduct was at least reckless in failing to make an appropriate and

effective effort to ascertain the FCRA provisions governing its conduct.

36.     Defendant knew or should have known about its legal obligations under the

FCRA.  These obligations are well established in the plain language of the FCRA and in the

promulgations of the Federal Trade Commission.

37.     Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

38.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff of her rights under the FCRA.

39.     As a result of these FCRA violations, Defendant is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the four violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

40.     In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent.

41.     As a direct result of the conduct, actions and inactions of the Defendant, Plaintiff suffered actual damages, including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of employment, damage to reputation, embarrassment, lost income, other out of pocket damages, and additional emotional and mental distress.

### COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

42.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to Plaintiff that a consumer report may be obtained for employment purposes.

**COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(ii)**

44.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

45.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because it failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff.

**COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)**

46.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff before taking an adverse action that was based in whole or in part on that report.

**COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)**

48.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

**COUNT FIVE: VIOLATION OF THE FCRA §1681m(a)(2)(A)**

50.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

51.     Defendant willfully violated the FCRA, §1681m(a)(2)(A) because it failed to

provide Plaintiff orally, in writing or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency complies and maintains files on consumers on a nationwide basis) that furnished the report to the person.

### COUNT SIX: VIOLATION OF THE FCRA §1681m(a)(2)(B)

52.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53.     Defendant willfully violated the FCRA, §1681m(a)(2)(B) because it failed to provide Plaintiff with oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

### COUNT SEVEN: VIOLATION OF THE FCRA §1681m(a)(3)(A)

54.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55.     Defendant willfully violated the FCRA, 15 U.S.C. §1681m(a)(3)(A) because it failed to provide Plaintiff with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report.

### COUNT EIGHT: VIOLATION OF THE FCRA §1681m(a)(3)(B)

56.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

57.     Defendant willfully violated the FCRA, 15 U.S.C. §1681m(a)(3)(A) because it

failed to provide Plaintiff with oral, written or electronic notice of the consumer's right to dispute under section 1681i with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

58.     Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff prays for relief as follows:

1.      statutory and punitive damages;

2.      in lieu thereof, actual damages;

3.      attorneys fees, expenses and costs;

4.      pre-judgment and post-judgment interest as provided by law; and

5.      such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**SHANNON BAILEY**,

By: _____/s/ Christopher Colt North_____
Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiffs
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:  (757) 873-8375
Email: cnorthlaw@aol.com